UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALEXANDER SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO: 24-392** |
| **TULANE UNIVERSITY ET AL** | **SECTION: "A" (4)** |

### ORDER

Before the Court is Defendant's **Motion to Quash Subpoena Duces Tecum and/or for Protective Order (R. Doc. 40)**, seeking to quash the subpoenas issued by Plaintiff to non-parties Chris Zacharda and Avery B Pardee. Defendant also seeks an award of attorneys' fees incurred in raising the subject Motion. R. Doc. 40 at 2. No Opposition to the Motion was filed.

**I.   Introduction**

   **A.   Factual Background**

This litigation arises from the alleged stalking, harassment, and assault that Plaintiff Alexander Smith ("Smith") experienced as a student at Loyola University between 2021 and 2023. R. Doc. 1. Smith alleges that several football players from the nearby Tulane University of Louisiana ("Tulane") stalked and harassed him while he was a student at Loyola University, and that despite repeatedly reporting this problem to Tulane nothing was done to address the issue until the New Orleans Police Department ("NOPD") became involved. R. Doc. 8 at 2. Smith alleges that Tulane's deliberate indifference and failure to intervene caused him to fear for his life every day for more than two years, and that the harassment escalating to him being assaulted with a weapon on February 19, 2023. *Id.*

On February 14, 2024, Smith filed suit against Tulane; Erica Woodley, Tulane's Dean of Students; Chief Kirk M. Bouyelas, Chief of Tulane University Police; Howard T. Boyd, General Counsel for Tulane; Shane Meyer, Tulane University Associate Athletic Director Football

Operations; Chris Hampton, Tulane University Football Coach; Nataurean Watts a.k.a. Phat Watts; Terrence Huggins a.k.a. Tj Huggins; Tyrek Presley; and Jordan J, Lee (collectively "Defendants"). R. Doc. 1 at 1. Therein, Smith raised claims for deliberate indifference under Title IX, along with § 1983 claims of failure to train and violation of his equal protection rights under the 14th Amendment. *Id.* at 25-31. Smith is proceeding in this litigation *pro se* and *in forma pauperis*. R. Doc. 3.

On April 15, 2025, Smith filed an Amended Complaint adding claims of negligence and strict liability. R. Doc. 8 at 31-35. Therein, Smith also sought $250,000-$1,000,000 in damages and alleged that exemplary damages were appropriate. *Id.* at 35-36.

In response, all the Defendants aside from Tyrek Presley jointly filed a Motion to Dismiss on June 20, 2024. R. Doc. 43. Defendant Tyrek Presley, who is also proceeding *pro se*, was granted an extension of time to Answer Smith's Amended Complaint on June 21, 2024, and has not filed an Answer to date. R. Doc. 44.

On May 23, 2024, Smith filed a Motion to issue subpoenas duces tecum to Tulane, Avery B Pardee, NOPD, and Loyola University. R. Doc. 37. The Motion was granted on May 30, 2024, and the subpoenas to Christopher Zacharda, as Tulane's Director of Student Conduct; Avery B. Pardee; NOPD; and Loyola University were filed on June 3, 2024. *See* R. Doc. 38. *See also* R. Doc. 39.

**B. Subject Motion**

Tulane filed the subject Motion on June 3, 2024, seeking to quash Smith's subpoenas to Chris Zacharda ("Zacharda") and Avery B Pardee ("Pardee"). R. Doc. 40. Tulane asserts that Zacharda is a former Tulane employee and Pardee is a contractor who occasionally performed work for Tulane. R. Doc. 40-1 at 2. Tulane asserts that Smith's subpoena incorrectly identified

Zacharda as Tulane's Director of Student Conduct but does not clarify Zacharda's correct position at Tulane. *Id.* at 1. Tulane also does not identify the nature of the work that Pardee performed on behalf of Tulane. *Id.* In his Amended Complaint, Smith identifies Pardee as an independent attorney but does not identify Zacharda's role at Tulane. *See* R. Doc. 8.

Tulane raises three arguments in support of the subject Motion: that Smith's subpoenas are premature and improper under Rule 26, that Smith failed to comply with the notice and serve requirements under Rule 45, and that Smith's subpoenas do not provide sufficient time for compliance. R. Doc. 40-1 at 5-7. Tulane also sought an award of attorneys' fees incurred in raising the subject Motion. R. Doc. 40 at 2.

No Opposition to the subject Motion was filed, although the record shows that the Motion was delivered to Smith's address on June 3, 2024. *See* R. Doc. 40 Service Receipt.

## II.   Standard of Review

Federal Rule of Civil Procedure 26(b)(1) sets the scope of discovery to include "any non-privileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). Rule 26(b)(1) further specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered."

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the proposed discovery is outside of the scope permitted under Rule 26(b)(1).

Federal Rules of Civil Procedure Rule 45 governs the procedure for obtaining discovery from non-parties. Under Rule 45, a non-party served with a subpoena duces tecum may object by

sending written objections to the issuing party by the earlier of fourteen days from service or fourteen days before the return date. Fed. R. Civ. P. 45(d)(2)(B). Subsequently, "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that fails to allow a reasonable time to comply…or subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i).

Federal Rules of Civil Procedure Rule 26(c) confers broad authority and discretion to the trial judge to determine when and to what degree to which a protective order is warranted. FED. R. CIV. P. 26(c). *Seattle Times Co. v. Rinehart,* 467 U.S. 20, 36 (1984) ("the unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders"). *In re Leblanc*, 559 Fed. Appx. 389, 392- 93 (5th Cir. 2014). Rule 26(c) further provides that "the court may for good cause, issue and order to protect a party or person from annoyance embarrassment, oppression or undue burden or expense. FED. R. CIV. P. 26(c).

On the merits and scope of the protective order, the burden is upon the movant to show the necessity of a protective order. *In re Terra,* 134 F.3d 302, 306 (5th Cir. 1988). To show this necessity, the movant must lay out a "particular and specific demonstration of fact" rather than "stereotype and conclusory statements." *David v. Signal Int'l LLC,* No. 08-cv-1220, 2014 WL 2581319 (E.D. La May 14, 2014). Furthermore, "the alleged harm must be significant, not a mere trifle." *David,* No. 08-1220 at *1.

### III. Analysis

#### A. Standing

Tulane asserts that they have standing to challenge the subpoenas at issue because they are the custodian of the records requested and have an interest in the subject matter of the subpoenaed records. R. Doc. 40-1 at 5. More specifically, Tulane asserts that the records Smith seeks from

Zacharda and Pardee related to Tulane's internal investigations records and work that these non-parties did while they were working for Tulane. *Id*.

Fifth Circuit jurisprudence provides that to challenge a subpoena to a non-party, the movant must be in possession or control of the requested material, be the person to whom the subpoena is issued, or have a personal right or privilege in the subject matter of the subpoena. *See Johnson v. Mixon*, No. 13-2629, 2014 WL 1764750, at *4 (E.D. La. May 2, 2014) (Roby, M.J.) (denying motion to quash on the basis that the movant had failed to state any reasons that they had a personal interest or privilege in the records sought from a non-party). In this case, Tulane asserts that they have an interest in the internal investigation and employment-related records from Zacharda and Pardee requested by Smith. R. Doc. 40-1 at 5.

The Court finds that Tulane has a personal interest in internal investigation and employment-related records created on its behalf. *See Black v. DMNO, LLC*, No. 16-02708, 2018 WL 488991, at *2 (E.D. La. Jan. 19, 2018) (Roby, M.J.) (finding that the defendant in a FLSA collective action had standing to quash the plaintiffs' subpoena to a non-party on the basis that the defendant had a personal right in their payroll information requested by plaintiffs' subpoena). Therefore, the Court finds that Tulane has standing to raise the subject Motion challenging the subpoenas issued to Zacharda and Pardee.

### B. Request to Quash

Tulane raises three arguments in support of the subject Motion to Quash: that Smith's subpoenas are premature and improper under Rule 26, that Smith failed to comply with the notice and serve requirements under Rule 45, and that Smith's subpoenas do not provide sufficient time for compliance. R. Doc. 40-1 at 5-7. The Court declines to consider all three of Tulane's

arguments, because the Court finds that Tulane's argument regarding the time to comply with Smith's subpoenas is dispositive on this Motion.

Under Rule 45, the Court must quash or modify a subpoena that "fails to allow a reasonable time to comply[.]" Fed. R. Civ. P. 45(3)(A)(i). Fifth Circuit jurisprudence provides that anything less than fourteen days is likely unreasonable. *See Piazza v. Associated Wholesale Grocers, Inc.*, No. 18-00211, 2019 WL 13275793, at *2-3 (E.D. La. Feb. 22, 2019) (Roby, M.J.) (finding that subpoena providing seven days to comply was clearly unreasonable and failed to allow a reasonable time to comply). *See also Bergeron v. Great West Cas. Co.*, No. 14-13, 2015 WL 5307685, at *2-3 (E.D. La. Sept. 10, 2015) (Roby, M.J.) (granting motion to quash subpoena to non-parties on the basis that the subpoena was not properly served, did not provide a witness or mileage fee, and gave only seven days to comply). Therefore, the Court finds that Smith's subpoena providing only one day to comply is clearly unreasonable and grants Tulane's request to quash the subpoena to Zacharda and Pardee for failure to allow a reasonable time to comply.

### C. Request for Attorneys' Fees

Tulane further requests that the Court award attorneys' fees due to Smith's improper issuance of the subpoenas in controversy. R. Doc. 40 at 2. Tulane does not cite to any supporting statutes or caselaw for this request. *See* R. Doc. 40. *See also* R. Doc. 40-1.

Rule 45 does not provide for an award of attorneys' fees where the Motion is granted. *See* FED. R. CIV. P. 45. Instead, Rule 45 provides that:

> "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply."

FED. R. CIV. P. 45(d)(1). Since Tulane is not the party subject to the subpoena at issue, the applicability of this provision of Rule 45 is questionable. *See Northern v. Landstar System Inc.*, No. 6:20-CV-00466, 2020 WL 5636902, at *2 (W.D. La. Sept. 21, 2020) (Hanna, M.J.) (denying request for attorneys' fees in a plaintiff's motion to quash a subpoena to a non-party, on the basis that the defendants' subpoena was not so unreasonable as to put them or their counsel in bad faith and the plaintiff was not the person subject to the subpoena as contemplated by Rule 45(d)(1)). Therefore, the Court denies Tulane's request for an award of attorneys' fees.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Defendant's **Motion to Quash Subpoena Duces Tecum and/or for Protective Order (R. Doc. 40)** is **GRANTED IN PART and DENIED IN PART.**

**IT IS GRANTED** to the extent that Defendant Tulane University of Louisiana's request to **QUASH** Plaintiff Alexander Smith's subpoenas to Chris Zacharda and Avery B Pardee is **GRANTED.**

**IT IS DENIED** to the extent that Defendant Tulane University of Louisiana's request for an award of attorneys' fees is **DENIED.**

New Orleans, Louisiana, this 30th day of July 2024.

                                             _____
                                                    **KAREN WELLS ROBY**
                                             **UNITED STATES MAGISTRATE JUDGE**