UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALEXANDER SMITH                                        CIVIL ACTION

VERSUS                                                 NO: 24-392

TULANE UNIVERSITY, ET AL.                              SECTION: "A" (4)

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss (Rec. Doc. 43)** filed
by the defendants, erroneously named as Tulane University of Louisiana; Tulane
University Administration; Tulane University Athletic Department; Tulane Department of
Public Safety; Tulane University of Louisiana Department of Campus Police; Tulane
University of Louisiana Counseling Center; Tulane University of Louisiana Student
Resources and Support; and Tulane University Office of General Counsel; individually
Named Defendant, Erica Woodley, Dean of Students at Tulane erroneously referred to
as Tulane University of Louisiana Dean of Students; individually Named Defendant,
Tulane University Office of the General Counsel, Howard Boyd, Deputy General
Counsel of Tulane; and individually named Defendant, Kirk Bouyelas, former Chief of
Police, Tulane, erroneously referred to as Tulane University of Louisiana Chief of Police
Defendant, the Administrators of the Tulane Educational Fund (collectively "the Tulane
defendants").

The plaintiff, Alexander Smith, who is proceeding pro se, has not responded to
the motion.

The motion, submitted for consideration on July 24, 2024, is before the Court on the briefs without oral argument.[1]

## I.        Background

The plaintiff, Alexander Smith, ("Smith"), has brought this action against 18 defendants arising out incidents involving former Tulane students going back to at least 2021. When the events giving rise to this lawsuit occurred, Smith was a student at Loyola's New Orleans campus. Smith has never been enrolled as a student at Tulane.

Smith explains that the trouble started when at some point in 2021, he attempted to intervene when he witnessed some Tulane football players speaking disrespectfully to some women. Soon after, Smith alleges that be became the victim of bullying and harassment by those Tulane football players, whether at Greek events, campus basketball games, or approaching his car—all of which occurred either on Loyola's campus or elsewhere—none of the harassment occurred on Tulane's campus or in conjunction with any Tulane events.

Smith alleges that the offending Tulane football players were banned from the Loyola campus as a result of their conduct. (Rec. Doc. 8, Amended Complaint ¶ 12). The 18-month period of harassment culminated with an alleged assault with a weapon being brandished on February 19, 2023, against Smith and his friends, which did not occur on Tulane's campus, and in which Smith was forced to fight back by macing his

---

[1] To be clear, none of the Court's rulings below are premised on the notion that any claim is subject to dismissal simply because Smith did not defend the Rule 12(b)(6) challenge by filing an opposition. *See Webb v. Morella*, 457 Fed. App'x 448, 452 n.4 (5th Cir. 2012) (unpublished) (explaining that the court cannot grant a motion to dismiss based solely on the non-movant's failure to file an opposition).

assailants and fleeing.[2] (*Id.* ¶ 23).

Based on the foregoing events, Smith asserts eight substantive causes of action,[3] all brought against Tulane, several of its departments and its staff/employees (and general counsel for the university), as well as the individual former football players who allegedly harassed and bullied him—Nataurean Watts, Terrence Huggins, Tyrek Presley, and Jordan J. Lee.[4] The substantive causes of action arise under both federal and state law. The federal causes of action are based on Title IX and 42 U.S.C. § 1983.

Smith's Title IX theory is that the Tulane defendants are liable to him for damages (over $1,000,000.00) because the Tulane staff that he contacted about the harassment by certain football players leading up to the 2023 assault did not intervene to either stop the harassment or prevent the 2023 assault.

Smith's 1983 theory is that the Tulane defendants deprived him of equal protection under the law when they failed to respond to his reports of harassment; failure to train is a component of this claim. Smith alleges that the individual Tulane defendants who deprived him of his constitutional rights were final policy-makers for the

---

[2] Smith alleges that one of the assailants, defendant Tyrek Presley, was arrested and is now facing trial. (Amended complaint ¶ 24). The Court takes judicial notice that public reports reveal that Presley was dismissed from Tulane's football team in March 2023 for an off-campus incident involving a firearm.

[3] Smith's pleading includes "actions" for interest, damages, and exemplary damages, which are not substantive causes of action.

[4] It is the Court's understanding that Jordan Lee was not a Tulane football player but rather was a former football player for the University of Mount Union, (Amended Complaint ¶ 23), and a friend of Tyrek Presley, (*Id.* ¶ 44).

school thus supporting a claim for municipal liability.

Via the instant Rule 12(b)(6) motion, the Tulane defendants seek dismissal of all claims asserted against them in this lawsuit.[5] The Court will focus, however on the federal causes of action upon which original subject matter jurisdiction is based.[6]

## II.    Discussion

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

---

[5] The moving Tulane defendants are named on page 1 of this Order and Reasons. Individual defendants Jordan J. Lee, Nataurean Watts, Chris Hampton (football coach), and Shane Meyer (associate athletic director) had not been served as of this writing. Tyrek Presley, who resides in Georgia, has been served and has moved pro se to obtain time to find representation, which request the Court has granted. (Rec. Doc. 44, Order).

[6] The pleadings do not establish original jurisdiction (diversity) insofar as the state law claims are concerned. Therefore, the state law claims are before the Court based on 28 U.S.C. § 1367(a), which confers supplemental jurisdiction.

In the context of a Rule 12(b)(6) motion to dismiss  the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

### Title IX

Title IX provides in part, that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). In *Davis v. Monroe County Board of Education*, the Supreme Court held that recipients of federal funding may be liable for subjecting "their students" to "discrimination" where the recipient is deliberately indifferent to known acts of student-on-student "sexual harassment" and the harasser is under the school's disciplinary authority.[7] 526 U.S. 629, 646-47 (1999). But a funding recipient is properly held liable in damages only where it is deliberately indifferent to sexual harassment, of which it has actual knowledge, that is so severe, pervasive, and objectively offensive

---

[7] Tulane does not dispute its status as a recipient of federal educational funding subject to Title IX's requirements.

that it can be said to deprive the victim of access to the educational opportunities or benefits provided by the school. *Id.* at 650. For liability to attach, the funding recipient must have some degree of control over the harasser, and the harassment must occur "under" "the operations of" the funding recipient, which means that the harassment must take place in a context subject to the school's control. *Id.* at 646 (citing 20 U.S.C. §§ 1681(a) & 1687).

Thus, two essential elements of a Title IX claim for damages based on peer-to-peer harassment are the control requirement described in *Davis*, and that the harassment was based on the victim's sex. *I.F. v. Lewisville Indep. Sch. Dist.*, 915 F.3d 360, 368 (5th Cir. 2019). While same-sex sexual harassment is actionable under Title IX, the offensive behavior must still be based on sex, and "not merely tinged with offensive sexual connotations."[8] *Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 165 (5th Cir. 2011) (citing *Frazier v. Fairhaven Sch. Comm.,* 276 F.3d 52, 66 (1st Cir.2002); *Doe v. Dallas Indep. Sch. Dist.,* 153 F.3d 211, 219 (5th Cir.1998)).

Accepting all factual allegations in Smith's complaint as true and drawing all

---

[8] Two additional required elements of the cause of action are that the school had actual knowledge of the harassment, and that the school was deliberately indifferent to the harassment. *I.F.*, 915 F.3d at 372. Those elements are not the subject of the defendants' Rule 12(b)(6) motion to dismiss.

Another required element of the cause of action is that the sexual harassment be so severe and pervasive and objectively offensive such that it effectively barred the victim's access to an educational opportunity or benefit. *Id.* Ignoring that the harassment alleged does not seem to rise to that actionable level, even if it did, Smith was not enrolled as a student at Tulane. Therefore, regardless of his subjective perception regarding the severity of the harassment, Smith was not denied any educational opportunities or benefits at Tulane because of the harassment.

reasonable inferences in his favor, Smith fails to state a claim against the Tulane
defendants for a Title IX violation. The most glaring problem with Smith's Title IX claim
is that he was not the victim of sexual harassment. The harassment that Smith
experienced was not based on his gender. Smith is a heterosexual male (which he
makes clear in his complaint) as were his harassers, and the use of certain vulgar
language is insufficient as a matter of law to characterize the harassment in this case as
sexual harassment. None of Smith's allegations even remotely permit the inference that
the harassment had anything to do with gender.

But even assuming that the harassment at issue constituted sexual harassment,
none of it took place in a context subject to Tulane's control. Every instance of alleged
harassment occurred either on Loyola's campus or elsewhere, in other words in
contexts that Tulane did not control. Tulane did not control either the harassers or their
off campus conduct, whether criminal or otherwise, simply because they were enrolled
as students at the school.

Moreover, even aside from the foregoing deficiencies, Tulane's lack of action
regarding the harassment at issue did not deprive Smith of access to the educational
opportunities or benefits provided by Tulane because Smith wasn't enrolled as a student
at Tulane. Smith is attempting to use Title IX to impose liability for peer harassment on
Tulane because its students' off-campus conduct allegedly interfered with his ability to
access the educational opportunities or benefits provided by Loyola not Tulane. The
Court is aware of no decision that allows for Title IX liability in such circumstances. *See
Davis*, 526 U.S. at 647 (recognizing that a school must be on notice that its conduct

could expose it to liability under Title IX).

The motion to dismiss is GRANTED as to Smith's Title IX claims which are dismissed with prejudice.[9]

## Equal Protection

The Tulane defendants argue *inter alia* that Smith's claims brought under the auspices of 42 U.S.C. § 1983—equal protection, municipal liability, failure to train—fail as a matter of law because Tulane, a private institution, is not a state actor.

Section 1983 provides a cause of action against "[e]very person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State*" deprives someone of a federal constitutional or statutory right. The text of the statute makes clear that this provision protects against acts attributable to a State, not those of a private person. *Lindke v. Freed*, 601 U.S. 187, 194 (2024). Under some circumstances, private parties can act, however, with the authority of the State. *Id.* at 197. An act is not attributable to a state unless it is traceable to the state's power or authority. Private action—no matter how "official" it looks—lacks the necessary lineage.[10] *Id.* at 198.

Accepting all factual allegations in Smith's complaint as true and drawing all

---

[9] The Court has not parsed the litany of Tulane administrators and staff that Smith has sued in this case because the Title IX claims fail all around. The Court notes however that as to those Tulane administrators and staff that Smith has sued, liability under Title IX does not extend to school officials, teachers, administrators, and other individuals. *Plummer v. Univ. of Houston*, 860 F.3d 767, 777 n.12 (5th Cir. 2017) (revised) (citing *Davis,* 526 U.S. at 640–43).

[10] In addition to the state action requirement textually imposed by 42 U.S.C. § 1983, Section 1 of the Fourteenth Amendment, which is the basis for all of Smith's constitutional claims, also contains a textual requirement of state action. "No state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

reasonable inferences in his favor, Smith fails to state a claim against *any* defendant in this case, including the moving Tulane defendants. The facts do not establish or allow for the inference that any of the defendants in this case—all of whom are private actors—acted under the state's authority or power when declining to take action to prevent the off-campus harassment that Smith experienced.

Moreover, even aside from the lack of state action which is fatal to Smith's claims under § 1983, Smith fails to state a claim for an equal protection violation. The equal protection clause essentially imposes a requirement that all persons similarly situated should be treated alike. *B.A. v. Mississippi High Sch. Activities Ass'n, Inc.*, 983 F. Supp. 2d 857, 863 (N.D. Miss. 2013) (citing *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985)). To demonstrate a violation of the Equal Protection Clause, a plaintiff must prove that the defendants' actions had a discriminatory effect and were motivated by a discriminatory purpose. *Id.* (citing *Pers. Adm'r of Mass. v. Feeney,* 442 U.S. 256, 272–74 (1979); *Arlington Heights v. Metro. Hous. Dev. Corp.,* 429 U.S. 252, 264–66 (1977); *Washington v. Davis,* 426 U.S. 229, 239–42 (1976)). But Smith alleges no facts whatsoever that he was treated differently than other similarly situated persons, or that the Tulane defendants' failure to act was motivated by a discriminatory purpose.

The motion to dismiss is GRANTED as to Smith's § 1983 claims which are dismissed with prejudice.

In sum, all federal claims in this case fail as a matter of law and are dismissed

with prejudice.[11] Given that the Court is dismissing all claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the state law claims and dismisses those without prejudice. *See* 28 U.S.C. § 1367(c)(3).

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 43)** is **GRANTED** insofar as all federal claims against all defendants are **DISMISSED WITH PREJUDICE**. The state law claims against all defendants are **DISMISSED WITHOUT PREJUDICE**.

July 30, 2024

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[11] While it is not clear from the amended complaint which individual defendants Smith intended to sue under Title IX and § 1983, the Court recognizes that by dismissing all of the Title IX and § 1983 claims, in other words all federal claims, with prejudice, the Court is granting "with prejudice" relief to some defendants who did not join in the Tulane defendants' motion because they either have not been served or they do not have counsel of their own. The Court is persuaded that in doing so the fairness principles discussed in *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021), have been respected because there are no possible arguments or amendments to pleadings that could be made to cure the deficiencies with the federal causes of action.